## MARIE FANCHONETTE *v.* LOUIS GRANGÉ.

The assent of a Police Jury to the emancipation of a slave, is not an ordinance requiring the signatures of the President and Clerk on the journal to give it validity, in the meaning of the seventh section of the act of 20 March, 1816, relative to the organization and powers of police juries.

It is not essential to the validity of the acts of a Police Jury that the daily journal should be attested by the president and secretary. The 7th sect. of the act of 20 March, 1816, is directory to the officers of such bodies, and their neglects of duty cannot be allowed to prejudice persons having no power to control or direct them.

The assent of a Police Jury is only necessary to the emancipation of a slave, when under thirty years of age. Act 31 January, 1827. Such assent when the slave is thirty years of age, is only necessary to relieve the master from giving bond to remove the slave so emancipated out of the State within one month. Acts of 16 March, 1830, and 25 March, 1831.

Against a mere trespasser without right, a plaintiff need only show a *prima facie* title.

APPEAL from the District Court of Lafayette, *Campbell*, J.

*J. E. Morse*, for the plaintiff, cited the Civil Code, arts. 234, 235, 2247, 2248. 5 Mart. 405. *Tate* v. *Penne*, 7 Mart. N. S. 548. *Montreuil et al.* v. *Pierre*, 9 La. 356.

*Voorhies*, for the appellant.

GARLAND, J. The plaintiff, representing herself to be a free woman of color, avers, that since her emancipation by Laurent Grangé, she has had a child named John, who, of right, is free, and that she is entitled to the possession of him, he being about four years old. She states, that the defendant has taken possession of said boy, and forcibly detains him. She claims the possession of him, and prays, that he be declared free, and that the defendant be condemned to pay her $1000 damages.

The defendant denies generally, all the allegations in the pe-

tition. He avers, that the plaintiff was born a slave, and has never been legally emancipated.

The plaintiff has satisfactorily proved, that she is the mother of the child, which is now between four and five years old. To prove her own freedom, she offered as evidence, a copy of an act purporting to have been passed by Laurent Grangé, her former master, before the late Thomas B. Brashear, Parish Judge of Lafayette. It is dated the 6th of August, 1836, and the copy is certified in due form on the 23d of October, of the same year. It is a full and regular act of emancipation, and from the copy, it would appear, that the original was executed in a complete, full, and legal manner. The plaintiff also offered an advertisement, made by the Sheriff of the parish, of the application to emancipate her, which was published for more than forty days, in a newspaper published in the town where the Court House is situated, in the French and English languages. She also offered the record book or journal of the Police Jury of the parish, showing the assent of that body to her emancipation ; and a copy from it is in the record. The proceedings of the Police Jury appear to have been published for several weeks in the same newspaper.

The defendant offered the present Parish Judge as a witness. He says, that he " has carefully examined his office, and finds no other act of emancipation of the slave Fanchonette, than the one produced by him in court." The record states, that an original act was produced, and that leave was given to file a copy, but we find none on file. The Judge says, that when he took possession of the office, it was in great confusion. He does not know that any originals have been lost, but knows that several persons have called for acts that cannot be found. It is admitted, that the body of the act produced by the present Parish Judge, is in the handwriting of the late Judge Brashear.

There was a judgment in favor of the plaintiff, and the defendant has appealed.

Our attention has been first directed to a bill of exceptions, taken by the defendant, to the opinion of the court below, admitting as evidence the record book of the proceedings of the Police Jury, showing their assent to the emancipation of the plaintiff by her late master. The objection is based on the fact, that the re-

cord or journal of that particular meeting is not signed by the president and secretary of the jury. The counsel relies on the seventh section of the act of March 20, 1816, to sustain his objection, (B. & C.'s Dig. 643, No. 18,) which provides, that the presidents of the Police Juries shall sign, and the clerks thereof attest, all ordinances made, and that the former shall see them properly promulgated, &c. We are not prepared to say, that the assent given to the emancipation of the plaintiff, is such an ordinance as requires the signatures of the president and clerk, on the journal of the jury. The evidence of that assent, when given in conformity to the act of March 24, 1827, (B. & C.'s Dig. 429, No. 11,) was probably duly attested. We are not aware, that it is more necessary to give validity to the acts of a Police Jury, that their daily journal should be attested by the president and secretary, than it is that the journals of the Senate and House of Representatives should be so signed. The law requires the *ordinances* of the jury to be signed, as the constitution requires the acts of the Legislature. The statute is directory to the officers of the Police Jury, and their omissions of duty cannot prejudice persons incapable of controling or directing them. At any rate, the objection seems to go more to the effect of the proceedings of the jury, than to their admissibility. We are, therefore, of opinion, that the Judge did not err in admitting the record book of the proceedings of the Police Jury in evidence.

The counsel for the defendant has commented at some length upon the assent of the Police Jury, and he contends, that it does not sustain the plaintiff's case. As between the plaintiff and defendant, we regard the assent of the Police Jury of no weight. The evidence shows, that the plaintiff was more than thirty years of age at the time, and the assent of the jury was not necessary to her emancipation. It was only necessary to enable her to remain in the State after emancipation, and to relieve her master from giving a bond to remove her in one month. The assent of the Police Jury to an act of emancipation, *per se*, is only requisite where the slave is under thirty years of age. B. & C.'s Dig. 429, 430. The defendant has no right to avail himself of the requisites which the Legislature have imposed for public purposes.

But the principal reliance of the counsel for the defendant is,

that the copy of the authentic act offered as evidence is false, there being no original in existence. In assuming this ground, the counsel takes upon himself to impugn the faith and confidence due to the official act and certificate of a very important and responsible functionary. He insists, that there is no original of the copy offered. To prove this, the present Parish Judge testifies that here is no other act of emancipation of the plaintiff in his office than the one produced by him, which act is not before us; and the Judge does not say that it is different from the copy. We are bound to presume the officer accused has acted correctly, until there is evidence to the contrary.

In this case, the defendant has no right to complain of being held to the most rigid rules of evidence and law. He has wrested from the possession of a mother her young child. He sets up no title to it in himself, as derived from any source, but relies, in a question of personal liberty, upon technical objections, and the omissions of public officers, to defeat the action of the plaintiff. We have, on different occasions, said, that against a trespasser without right, a plaintiff need only show a *prima facie* title or right; and in this case, we think the duly certified copy of the act of emancipation, standing as it does without sufficient evidence to impeach its validity, enables the plaintiff to maintain the judgment of the lower court.

*Judgment affirmed.*