## No. 6586.

### WILLIAM ALLING vs. B. H. LANIER, TAX COLLECTOR.

When a plea to the jurisdiction has been correctly sustained, the lower court should not give any other judgment than one of dismissal, but if it does give judgment for damages, and the amount involved is not within the jurisdiction of this court, no relief can be granted on appeal.

APPEAL from the District Court for Carroll. HOUGH, J.

*Kennedy* for Defendant and Appellee.

Alling *vs.* Lanier.

SPENCER, J.   Plaintiff brings this suit by injunction in the District Court for Carroll Parish.

He alleges that he is owner of the Black Bayou Plantation worth more than $500.   That the defendant effected two seizures thereof, one for taxes of 1873, amounting to $98.19, and one for taxes of 1874, amounting to $43.75, and has irregularly advertised the former to take place July 5th, 1877, (more than twelve months in the future), and the latter for July 5th, 1876.   He alleges other irregularities, the chief of which are that the seizure is excessive and should have been effected on movables of which he owned ample to pay said taxes.

He also alleges payment and, that whether paid or not, said taxes are not a lien on his property by reason of the prescription of two years.

He charges that by said seizures the collector has damaged him to extent of $100 for attorney's fees and $500 by "injuring his good name as a prompt tax-paying citizen."

Defendant excepts to the jurisdiction of the District Court, and prays for dissolution of the injunction with 100 per cent damages under the statute.

The district judge sustained the plea to the jurisdiction, and dissolved the injunction with one hundred per cent. damages.   From this judgment plaintiff prosecutes this appeal.   His counsel has furnished us no brief, nor given us the benefit of an oral argument. Defendant files in this court an answer praying for ten per cent damages for a frivolous appeal.

The district judge did not err in sustaining the plea to the jurisdiction.   The claim for $600 damages is manifestly fictitious.   9 Rob. 87.   But where a court declines jurisdiction, it would seem the only judgment that can be rendered, is one dismissing the suit at plaintiff's costs.   The District Court had no jurisdiction, this court has none, and though we think the decree inflicting the one hundred per cent damages is void, having no jurisdiction, we cannot grant relief.

*Appeal dismissed.*